UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW MEXICO

In re:

PICACHO HILLS UTILITY
COMPANY, INC.,

Case No. 13-10742 tl11

Debtor.

## MEMORANDUM OPINION

Before the Court is the Chapter 7 Trustee's (the "Trustee's") Motion for Order to Release Funds from the Court's Registry, filed December 9, 2014, doc. 278 (the "Motion"). Objections to the Motion were filed by the debtor's former counsel, William F. Davis & Assoc., P.C. ("Davis & Associates"), doc 283, and by Mr. Stephen C. Blanco ("Blanco"), doc. 287.[1]

A preliminary hearing on the Motion was held on January 12, 2015. Samuel Roybal appeared for the Trustee; Kelly Albers appeared for Bright View Land Company, Inc.; Phyllis MacCutcheon appeared for Davis & Associates; and Blair Dunn appeared for Blanco.

The Court has reviewed the Motion and all objections, as supplemented, and heard the arguments of counsel. No further evidence is needed for the Court to rule.

I. FACTS

The Court finds the following facts:[2]

The Debtor filed this case as a Chapter 11 case on March 7, 2013. The Debtor was a

---

[1] The Blanco objection was supplemented on January 20, 2015, doc. 297, by a document entitled "Amended Notice of Debtor's Course of Action and Request to Not Distribute Funds."

[2] In making these findings, the Court took judicial notice of the docket. *See St. Louis Baptist Temple, Inc. v. Fed. Deposit Ins. Corp.*, 605 F.2d 1169, 1172 (10th Cir. 1979) (holding that a court may, sua sponte, take judicial notice of its docket); *In re Mailman Steam Carpet Cleaning Corp.*, 196 F.3d 1, 8 (1st Cir. 1999) (citing Fed. R. Evid. 201 and concluding that "[t]he bankruptcy court appropriately took judicial notice of its own docket"); *In re Quade*, 496 B.R. 520, 524 (Bankr. N.D. Ill. 2013), *affirmed*, 498 B.R. 852 (N.D. Ill. 2013) (a "bankruptcy court [is authorized] ... to take judicial notice of its own docket").

public utility, providing water and sewer service to, inter alia, the Picacho Hills development near Las Cruces, New Mexico.

At the time of filing, Debtor's assets were held by a state court receiver, Robert Martin. Mr. Martin had marketed the assets and had found a buyer (the Dona Ana County Mutual Water District) willing to pay a price Mr. Martin thought reasonable. Mr. Martin had filed a motion in the receivership action, seeking authority from the state court judge to sell the Debtor's assets to the water district for the negotiated price. The Debtor opposed the motion. The Debtor filed this case before a hearing on the receiver's motion to sell the assets.

The receiver retained bankruptcy counsel, who filed a motion asking the Court, inter alia, to abstain from hearing the case so the state court could rule on the receiver's motion to sell. After a trial on the merits, across four days in April of 2013 the Court entered an order abstaining until the sales process had been completed, doc. 88.

The state court subsequently approved the receiver's sale motion, and the sale eventually closed. After paying all costs of sale and all encumbrances on the transferred assets, the receiver held net proceeds of $726,191. These he deposited in the Court registry on March 31, 2014 (together with all other amounts deposited in this case and all accrued interest on the deposited amounts, the "Held Funds").

The Court "reactivated" the Chapter 11 case at that time so the Held Funds could be distributed in accordance with the priority scheme set out in the Bankruptcy Code.

On May 12, 2014, the United States Trustee's office filed a motion to convert the case to Chapter 7. After a full evidentiary hearing, on September 17, 2014 the Court entered an order converting the case to Chapter 7, doc. 135. The Trustee was appointed the next day.

By the Motion, the Trustee asks that the Court release the Held Funds to him, so he may

administer them in the normal course of business.

Davis & Associates argues in its objection that "[f]unds in the Court Registry are secure, protected by the Local Rule, and because the amount deposited in this matter is significant, the funds should remain in place."

Blanco's objection is less straightforward. He argues that the receiver sale of the Debtor's assets was improper because the receiver vastly undervalued the Debtor's water rights. The actual sales price, approved by the state court, was about $2,150,000. Blanco asserts that the true value of the transferred assets, including water rights, was as much as $16 million higher. Blanco apparently plans to bring an action for damages in the United States District Court for the District of New Mexico against the receiver, the appraiser retained by the receiver, and/or the receiver's counsel. Additional claims against unspecified parties, for conspiracy and improper taking pursuant to the Fifth Amendment of the Constitution, might also be asserted. Pending the outcome of the litigation, Blanco asks that the Court not allow distribution of any Held Funds for post-petition services. Blanco does not explain the connection between the claims he alleges and withholding payment to professionals retained by the estate (i.e., the Debtor's counsel and accountants, and the Trustee's counsel). The connection is not apparent to the Court.

## II. DISCUSSION

In general, the Trustee's request that the Held Funds be turned over to him is unremarkable. Trustees throughout the country routinely hold and administer large sums of money. It is part of their job.

A Chapter 7 trustee is charged with depositing or investing estate funds in a way that will "yield the maximum reasonable net return on such money, taking into account the safety of such

deposit or investment." § 345(a).³ *See also* U.S DEPARTMENT OF JUSTICE, EXECUTIVE OFFICE FOR UNITED STATES TRUSTEES, HANDBOOK FOR CHAPTER 7 TRUSTEES, 4-2 (October 1, 2012) (the "Trustee Handbook") (noting that the specific statutory duties of a panel trustee include "reduc[ing] to money the property of the estate" and "[b]e[ing] accountable for all property received"); *In re Moon*, 258 B.R. 828, 838 (Bankr. N.D. Fla. 2001) (finding that the deposit and investment directions in § 345(a) are mandatory).

"The principal duty of the [Chapter 7] trustee is to collect and liquidate the property of the estate and to distribute proceeds to creditors." Trustee Handbook at 4-1. The trustee must deposit estate funds with a "depository that has agreed to comply with section 31 C.F.R. Part 225, and the requirements of the United States Trustee." *Id.* at 5-9.

Trustees must post fidelity bonds as part of their job. *See* § 322(a) (trustee is qualified to serve if he "has filed with the court a bond in favor of the United States conditioned on the faithful performance of [his] official duties"). With minor exceptions not relevant here, *see, e.g.*, NMLBR 2015-1, the trustee must seek Court approval before disbursing any estate funds. § 704(a)(9); Trustee Handbook at 4-31 to 33 (outlines trustee's duty to prepare a final report, file it with the court, and give notice to creditors and an opportunity to object, before making any distribution of estate assets not previously authorized by court order).

Woe betide any trustee who handles estate funds improperly. *See, e.g., United States v. Herzog,* 644 F.2d 713 (8th Cir. 1981) (affirming conviction of former bankruptcy trustee who embezzled estate funds); *United States v. Ivers,* 512 F.2d 121 (8th Cir. 1975) (same). *See generally* Hon. Steven Rhodes, *The Fiduciary and Institutional Obligations of a Chapter 7 Bankruptcy Trustee*, 80 Am. Bankr. L.J. 147 (2006) (outlining the many fiduciary and other duties of Chapter 7 trustees).

---

³ Unless otherwise noted, all statutory references are to 11 U.S.C.

It should be noted that the Trustee has a sterling reputation for honesty and good moral character, earned throughout a distinguished career as a private practice attorney and, more recently, a bankruptcy trustee. The Court has no reason whatsoever to doubt that the Held Funds will be administered properly by the Trustee.

Based on the foregoing, the Court overrules Davis & Associates' objection. While it is true that the Held Funds are safe in the Court registry, they will also be safe in the Trustee's bank account.

The Court also overrules Blanco's objection. The Court has no idea whether Blanco and/or the estate have valid claims against any party based on the asset sale and/or the value of Debtor's water rights. Whatever merit any such claims might have, transferring the Held Funds to the Trustee is not inconsistent with Blanco's interest in pursuing the claims. As set out above, the Trustee will not make any distributions of the Held Funds without a court order, after notice and a hearing. If Blanco objects to any proposed distribution by the Trustee, he may file an objection and the Court will hear and determine the matter.[4]

Furthermore, it is not relevant whether the Court or the Trustee holds the funds. Even if the Held Funds were retained in the Court registry, the Trustee could ask that portions be paid (e.g. to his counsel, or for routine expenses of administration) and the Court would allow such payments to the extent they would be allowed if the funds were under the Trustee's control. The

---

[4] The Trustee has already obtained a Court order to compensate his counsel for 75% of billed fees and 100% of reimbursable costs, pending Court approval of the fees. *See* Order Approving Employment of Walker & Associates, P.C. as Bankruptcy Counsel for Trustee Clarke C. Coll, entered October 27, 2014, doc. 261. If Blanco objects to the Trustee making interim partial payments to his counsel, he would have to file a motion to modify this order. The order is a routine order, entered as a matter of course in Chapter 11 cases and "asset" Chapter 7 cases. It is consistent with the long-standing policy in this District that estate professionals can receive 75% of their billed fees on an interim basis, pending a ruling on the allowability of their fees under § 330. All interim fees are subject to disgorgement if they ultimately are disallowed.

question is not who holds the money but whether it is disbursed in accordance with the Bankruptcy Code, other applicable law, and Court orders.

###  III.     CONCLUSION

There is no need for the Court to retain the Held Funds.  The funds should be transferred to the Trustee, who will invest, administer, and distribute them in accordance with the law and his fiduciary duties.  The interests of Davis & Associates and Blanco will be fully protected, whether the funds are held by the Court or transferred to the Trustee.

The Court will enter a separate order consistent with this opinion.

    _____
    Honorable David T. Thuma
    United States Bankruptcy Judge

Entered: February 5, 2015

Copies to:

William F. Davis
6709 Academy NE, Ste. A
Albuquerque, NM 87109

Kelly P. Albers
650 Montana Ave, Ste. D
Las Cruces, NM 88001

Ronald Andazola
P.O. Box 608
Albuquerque, NM 87103

A. Blair Dunn
6605 Uptown Blvd. Ste. 280
Albuquerque, NM 87110

Clark C. Coll

P.O. Box 2288
Roswell, NM 88202